BARHAM *v.* MCCALMAN-HILL, INC.

5-1107                                                  297 S. W. 2d 105

Opinion delivered January 7, 1957.

*Lawrence L. Mitchell; Q. Byrum Hurst* and *C. A. Stanfield,* for appellant.

*McKay, Anderson & Crumpler,* for appellee.

SAM ROBINSON, Associate Justice. This suit was filed by appellee, McCalman-Hill, Inc., hereinafter referred to as McCalman, to reform a deed given by appellants. McCalman contends there was a mutual mistake; that the description given in the deed fails to include all the land intended by grantors and grantee that the deed

should convey. The Chancellor held in favor of reformation, and some of the grantors have appealed.

Appellee, McCalman, is in the contracting business, engaged in dirt moving. During the period from August 14 to November 1, 1952, by the use of heavy earth moving equipment, McCalman dug a lake for appellants. When the job was completed, appellants owed to McCalman a balance of about $16,000. To secure the payment of this indebtedness, appellants, along with their wives, executed and delivered to McCalman a mortgage describing about 4½ acres. Appellants defaulted in payment of the indebtedness, and McCalman filed suit to foreclose. To effectuate a settlement, R. D. Barham and his wife, Christine Barham, and D. W. Barham and his wife, Bonnie Barham, executed and delivered to McCalman a deed carrying the same description as that set out in the mortgage, and the foreclosure suit was dismissed. McCalman contends that, according to the agreement of the parties made at the time the mortgage was executed, the description of the property conveyed by appellants should have included the land on which is situated the homes of appellants, which property joins the land described in the mortgage.

To sustain the contention that the deed should be reformed, the evidence must be clear, conclusive and decisive. The Chancellor held that the proof came up to the required standard for reformation, and we agree.

McCalman's version of the transaction is that it was agreed the Barhams would give a mortgage to secure the payment on the indebtedness incurred by the construction of the lake; that the property on which the mortgage was to be given included three houses, one where each of the appellants live, and the one where Dave Barham's son lives; that the value of this property was considered to be worth about $25,000. It developed, however, that previously, the property on which Dave Barham's son lives had been conveyed to the son; he is not a party to this litigation and his property is not involved. The circumstances corroborate McCalman. The Barhams introduced testimony to the effect that they

were to give a mortgage on 10 acres, but the land actually described in the mortgage is only about 4½ acres. The 4½ acres do not appear to have a valuation that would amount to substantial security for the balance owed on the indebtedness at the time the mortgage was given; it is 4½ acres of pasture land located near Cale, Arkansas, a town consisting of about three stores and a school. McCalman testified that it was agreed the property, including the houses, would be given as security before he ever started the job. It was known that the job would run into a good deal of money; there were about 95,000 cubic yards of dirt to be moved.

On the Barhams' part, there is an outright denial that there was ever any intention to give a mortgage on the homes. In addition to the circumstances which corroborate McCalman, there is the testimony of Mr. W. F. Denman, Sr., an attorney of Prescott who represented McCalman in the transaction, and his secretary, Mrs. Lelia McCargo, to the effect that after the deed was executed all parties were under the impression that it conveyed the houses. Mr. Denman testified that after the execution of the deed R. D. and D. W. Barham came to see him with reference to renting the houses from McCalman; that he did not know what McCalman wanted to do in that respect, and he wrote a letter to Mr. McCalman telling him of the Barhams' desire to rent the houses and asking for instructions in that regard. A copy of the letter written by Mr. Denman was introduced in evidence. Furthermore, Mrs. McCargo testified that the letter was dictated by Mr. Denman in the presence of Mr. Dave Barham, and that she read the letter back from her notes in the presence of Mr. Barham. Immediately after the deed from the Barhams to McCalman, Mr. Denman, acting for McCalman, took steps to secure insurance on the houses. He did not know the physical description of the houses as to the foundation, roof, etc., and Mrs. McCargo went to find the Barhams for the purpose of getting that information. She located R. D. Barham and D. W. Barham at the coffee shop of the Broadway Hotel, and had a cup of coffee with them.

She told them what she wanted, and the Barhams gave her the desired information.

The testimony of Mr. McCalman that the houses were supposed to be in the deed, the testimony of Mr. Denman that such was his understanding, the testimony of Mr. Denman and Mrs. McCargo about the Barhams seeking to rent the houses from McCalman after the deed had been executed, the letter from Mr. Denman written to Mr. Mc-Calman at that time, coupled with the testimony of Mrs. McCargo to the effect that the letter was dictated in the presence of Dave Barham, and the fact that Mrs. Mc-Cargo inquired of both R. D. and D. W. Barham as to the construction of the houses for the information of the insurance companies, is overwhelming evidence of the fact that it was the understanding of the parties that the deed was to include the property where the houses were located. The Chancellor was justified by the evidence in reaching the conclusion that the plaintiff had met the burden of proving its case by clear, convincing and cogent testimony.

On behalf of Christine and Bonnie Barham, appellants argue, in their brief, the law as to reforming a deed where homestead and dower are involved, but the wives of appellants, although parties in the Chancery Court, have not taken an appeal.

Affirmed.

CARLETON HARRIS, C. J., and Mr. Justice ED. F. Mc-FADDIN not participating.